

**Signed and Filed: December 10, 2007**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:                                ) Bankruptcy Case
                                      ) No. 03-33714-SCTC
ROLANDO ESLAYA BAUTISTA,              ) Chapter 7
                                      )
                                      )
                  Debtor.             )
_____)

**MEMORANDUM RE BRYAN SMITH'S INFORMAL MOTION FOR PROTECTIVE ORDER RE AUGUST 6, 2007 2004 ORDER**

On October 18, 2007, the court held a telephonic hearing on Bryan Smith's informal motion for protective order regarding the court's August 6, 2007 Rule 2004 Order. W. George Wailes appeared on behalf of Brian A. Holt, chapter 7 trustee for creditor Mario Rulloda. Bryan Smith appeared on his own behalf and on behalf of Debtor.

This memorandum constitutes the court's findings of fact and conclusions of law regarding the motion for protective order.

**FACTS**

On April 6, 2004, Mr. Holt, on behalf of Mario Rulloda, filed a $1,750,000 general unsecured claim in the above-captioned bankruptcy case. On July 12, 2007, the Rulloda claim was allowed in the amount of $1,517,816. It remains largely unpaid, despite

**MEMORANDUM RE BRYAN SMITH'S
MTN. FOR PROTECTIVE ORDER**          -1-

denial of Debtor's discharge, because Debtor has hidden significant assets from his creditors.[1]

On May 12, 2006, the court entered an order requiring Debtor to turn over and account for the concealed assets. After Debtor failed to comply with that order, the court granted the contempt motions of Mr. Holt and Ms. Schoenmann, chapter 7 trustee for Debtor's bankruptcy case. On February 5, 2007, the court entered an order holding Debtor in contempt of court and setting deadlines to comply with three court orders regarding the concealed assets.

When Debtor failed to comply with the first contempt order, the court entered a second order, on April 6, 2007, again holding Debtor in contempt of court and setting new compliance deadlines. Debtor did not comply with the second contempt order.

Mr. Holt has been unable to locate Debtor for the purpose of serving him with either contempt order. Unable to find Debtor, Mr. Holt obtained a Rule 2004 order requiring Debtor's family law attorney, Bryan Smith, to be examined and to produce documents regarding Debtor's current contact information and assets.

In a letter to the court, Mr. Smith objected to being examined and to producing the documents, including those that would reveal Debtor's current contact information, because, Mr. Smith contends,

---

[1] On August 1, 2005, this court made the following finding of fact:
> I find it is more likely than not that on the petition date of his current chapter 7 case Rolando had assets of significant value somewhere in the world that he failed to list in his schedules and failed to turn over to the trustee. I find further that Rolando concealed this property with the intent to hinder, deceive, and defraud creditors. I find further that Rolando knowingly and fraudulently failed to list this property in his schedules.

Adv. Proc. No. 04-3144, Fact and Conclusions of Law, ¶ 26 at 7:6-13.

**MEMORANDUM RE BRYAN SMITH'S
MTN. FOR PROTECTIVE ORDER** -2-

all documents requested are presumptively protected from disclosure by the attorney-client privilege or the work product doctrine. Mr. Smith further contends that there is no legitimate need to compel disclosure of Debtor's whereabouts because such information may be obtained through other means. In the letter, Mr. Smith offers, upon court order, to provide a privilege log identifying each document within his file, and/or to make the entire file available to the court for *in camera* inspection.

**LAW**

Federal privilege law supplies the rule of decision because Mr. Holt is seeking to enforce an order of examination under Bankruptcy Rule 2004. Fed. R. Evid. 501; e.g., Moore v. Eason (In re Bazemore), 216 B.R. 1020 (Bankr. S.D. Ga. 1998); see, e.g., Clarke v. American Commerce National Bank, 974 F.2d 127 (9th Cir. 1992).

The burden is on the party asserting the privilege to establish all elements of the privilege and to identify the specific communications and grounds supporting the privilege as to each piece of evidence over which the privilege is asserted. U.S. v. Martin, 278 F.3d 988, 999-1000 (9th Cir. 2002). Blanket assertions of privilege are "extremely disfavored." Id. at 1000 (citation omitted).

Mr. Smith has not identified the specific communications or the grounds supporting the privilege as to evidence regarding which the privilege is asserted. He must do so by promptly preparing a privilege log and providing it to Mr. Holt. Furthermore, as explained below, Mr. Smith must produce documents that are not privileged.

**MEMORANDUM RE BRYAN SMITH'S MTN. FOR PROTECTIVE ORDER** -3-

Not all communications made between a client and his lawyer are privileged. Rather, a communication is privileged only if each of the following conditions is satisfied.

> (1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are, at the client's instance, permanently protected (7) from disclosure by the client or the legal adviser (8) unless the protective be waived.

Martin, 278 F.3d at 999 (citing Wigmore on Evidence); accord Reiserer v. U.S., 479 F.3d 1160, 1165 (9th Cir. 2007) (attorney-client privilege applies only when communication intended to be "confidential.") ; Gomez v. Vernon, 255 F.3d 1118 (9th Cir. 2001)(same); U.S. v. Alexander, 287 F.3d 811, 816 (9th Cir. 2002)(attorney-client privilege applies only when communication made "in order to obtain legal advice.").

For example, information regarding a client's identity, the amount of fees, the identification of payment by case-file name, and the general purpose of the work performed are generally not protected from disclosure by the attorney-client privilege. E.g., Clarke, 974 F.2d at 129. This is because such information is preparatory or incidental to the attorney-client privilege, and is not provided "in order to obtain legal advice."

In addition, if evidence would not have been privileged while still in the client's possession, such as documents prepared for business or other purposes not related to obtaining legal advice, the client cannot cloak the evidence in the attorney-client privilege by transmitting it to his attorney. U.S. v. Osborn, 561 F.2d 1334, 1338 (9th Cir. 1977).

**MEMORANDUM RE BRYAN SMITH'S MTN. FOR PROTECTIVE ORDER**        -4-

Thus, Mr. Smith must produce documents, whether internally created or provided by Debtor, that contain Debtor's contact information, such as his address, telephone number (including cell), fax number, email address, contact persons and physical location." This contact information would not be privileged while in Debtor's possession, and cannot be made so by transmitting it to his counsel, even if it is included on a document containing a confidential communication.

To the extent the information regarding Debtor's contact information comes only from conversations between Debtor and Mr. Smith, or from documents internally created by Mr. Smith, the court determines that this contact information must also be produced because it is not a communication made to obtain legal advice. Rather, such information, like a client's identity or the amount of the fee, is preparatory or incidental to, and not part of, information provided by Debtor to Mr. Smith for the purpose of obtaining legal advice. There is no indication in the record that Debtor sought advice from his counsel about where Debtor lived or is now living.

Mr. Smith can protect the privileged portions of any documents produced, whether created by Debtor or internally by Mr. Smith or his office, by redacting the privileged information from the document before turning it over to counsel for Mr. Holt.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM RE BRYAN SMITH'S
MTN. FOR PROTECTIVE ORDER** -5-

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | W. George Wailes, Esq.<br>Carr, McClellan, Ingersoll, |
| 3 |    Thompson & Horn<br>216 Park Road |
| 4 | Post Office Box 513<br>Burlingame, CA 94011-0513 |

W. George Wailes, Esq.
Carr, McClellan, Ingersoll,
    Thompson & Horn
216 Park Road
Post Office Box 513
Burlingame, CA 94011-0513

Bryan Smith, Esq.
177 Bovet Rd., Ste. 600
San Mateo, CA 94402-3191

Dennis D. Davis, Esq.
Goldberg, Stinnett, Meyers & Davis PC
44 Montgomery St., Ste 2900
San Francisco, CA 94104

Rolando Eslaya Bautista
2695 Tipperary Avenue
So. San Francisco, CA 94080

–6–